**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com

**BERTOLDO CARTER SMITH & CULLEN**
LAWRENCE J. SMITH, ESQ. (#6505)
CLIFF W. MARCEK, ESQ. (#5061)
7408 West Sahara Ave.
Las Vegas, Nevada 89117
Telephone: (702) 800-0000
Facsimile: (702) 228-2333
lawre3@nvlegaljustice.com
cwmarcek@marceklaw.com
*Attorneys for Plaintiffs Leia Martin,*
*Cyrus Davis and Nicholas Davis*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEIA MARTIN as Administrator of The Estate of Gregory Davis; CYRUS DAVIS individually and as heir of Greg E. Davis; NICHOLAS DAVIS, individually and as heir of Greg E. Davis;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA *ex rel* UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT;<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFFS' COMPLAINT WITH JURY DEMAND** |

COME NOW Plaintiffs, by and through their undersigned attorneys of record, ANDRE M. LAGOMARSINO, ESQ. of LAGOMARSINO LAW, and LAWRENCE J. SMITH, ESQ. and CLIFF W. MARCEK, ESQ. of BERTOLDO CARTER SMITH & CULLEN, and hereby allege as follows:

. . . .

. . . .

. . . .

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

**JURISDICTION AND VENUE**

1. The Plaintiffs now bring this civil action to redress violations of the rights conferred to them under the Federal Tort Claims Act generally, 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 28 U.S.C. §1346(b).

3. This Court has subject matter jurisdiction over the United States for negligent and wrongful actions taken on its behalf by its federal employees under 28 U.S.C. § 1346(b) and §2671 *et seq*., which vest exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the United States District Court

4. Venue in this District is proper under 28 U.S.C. §1391 because all facts pled and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

5. Plaintiffs filed timely administrative claims under the Federal Torts Claim Act with the Bureau of Land Management and the United States Attorney's Office on February 23, 2024. *See* **Exhibit 1**, Plaintiffs' Administrative Claims.

6. On October 25, 2024, the Attorney-Adviser at the Office of the Solicitor acknowledged the claim and stated it had been assigned to him for review. *See* **Exhibit 2**, Email Correspondence re: Plaintiffs' Claims.

7. The instant suit is timely filed under the Federal Tort Claims Act, 28 U.S.C. § 2401(b).

**PARTIES AND PERSONS INVOLVED IN THIS MATTER**

8. At all times relevant herein, Plaintiff Leia Martin was, and is, over the age of eighteen (18) and a citizen of Clark County, Nevada. Plaintiff Martin brings this action as Administrator of the The Estate of Gregory Davis. The Estate of Gregory Davis legally came into existence as a result of the death of decedent Gregory Eugene Davis.

9. At all times relevant herein, Plaintiff, CYRUS DAVIS ("CYRUS") was, and is, over the age of eighteen (18) years and a citizen of Clark County, Nevada. CYRUS is decedent Greg Eugene Davis's son. CYRUS brings this action individually and in his capacity as heir to the Estate of Gregory Davis.

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

10. At all times relevant herein, Plaintiff NICHOLAS DAVIS ("NICHOLAS") was, and is, over the age of eighteen (18) years and a citizen of Clark County, Nevada. NICHOLAS is decedent Greg Eugene Davis's son. NICHOLAS brings this action individually and in his capacity as heir to the Estate of Gregory Davis.

11. At all times relevant herein, Defendant the UNITED STATES OF AMERICA ("UNITED STATES") was, and is, a country and governmental entity with the authority to oversee the Department of the Interior ("DOI") and its agency, the Bureau of Land Management ("BLM"). Defendant UNITED STATES, by and through DOI and BLM, employed Chief Ranger Brad Sones and Ranger-in-training Cody Negrette.

12. BLM Chief Ranger Sones was empowered by law to execute searches, to seize evidence and to make arrests for violations of Federal law.

13. BLM Ranger Negrette was empowered by law to execute searches, to seize evidence and to make arrests for violations of Federal law.

## FACTUAL ALLEGATIONS

14. On March 17, 2022, Carlos Cardenas, Eric Orrantia ("Orrantia"), and Greg E. Davis ("Decedent") (collectively "the men") were in a remote desert area near State Route 147 in Clark County, Nevada. The men were dismantling vehicles in the desert.

15. Present in the desert with Cardenas, Orrantia and Davis was a Chevrolet Silverado ("Silverado").

16. BLM Chief Ranger Brad Sones ("Sones") and BLM Ranger Cody Negrette ("Negrette") observed the men for an extended period of time. Also present in the area were BLM Ranger Miles McCall, National Park Service ("NPS") Ranger Todd Austin, and NPS Ranger Kristin Waring.

17. Due to the men and vehicles being in an area known for stolen vehicles and illegal activity Negrette and Sones decided to investigate. Negrette and Sones drove their patrol vehicle to an elevated vantage point to conduct additional surveillance of the men.

18. Negrette and Sones exited their vehicle, positioned themselves on the hill, and observed the men from a distance for over thirty (30) minutes.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

19. Negrette and Sones observed the men dismantling vehicles.

20. At no point during their surveillance did Sones or Negrette observe any weapons, nor did they identify an imminent threat to themselves or other bystanders.

21. Despite this, Negrette and Sones agreed to conduct a stop to arrest the men and proceeded to call additional officers to the scene for reinforcement.

22. After requesting reinforcement, Sones went back into his patrol vehicle and drove away from the hill to meet the Rangers they called for backup.

23. Negrette stayed behind on the hill to continue surveillance. During this time, Negrette engaged in radio communications with the other rangers.

24. Sones did not take his assigned Colt M4 rifle with him upon driving to meet the other officers. Instead, he left his weapon behind with Negrette.

25. Three additional Rangers showed up on the scene to assist with the stop and arrest.

26. Upon coordination with Sones, Ranger Austin drove around the hill to approach the men while McCall, Waring, and Sones followed him in two patrol vehicles.

27. As the Rangers turned their sirens on and began driving towards the men, Cardenas spotted the officers and began running towards the Silverado. The Decedent and Orrantia followed soon after and all men got inside the vehicle.

28. Orrantia got in the driver's seat, the Decedent got in the passenger seat, and Cardenas got in the back seat of the car. Orrantia started the car and began driving away from the officers.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

29. As Ranger Austin's officer's patrol vehicle drove towards the Silverado, Orrantia made a turn and drove the Silverado in the opposite direction of Austin in an effort to get away from the Rangers. The following images are from video of the incident:

**Body-worn camera view of the Silverado driving away from the BLM marked vehicle**



. . . .

. . . .

. . . .

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065



30. The Silverado was fleeing the scene and showed no intention of approaching nor confronting any of the four (4) Rangers on the ground.

31. The men in the Silverado were unaware of Negrette's presence as he remained concealed by the surrounding hill.

32. None of the Rangers on the ground, nor Negrette, faced impending danger or an imminent threat.

33. The men had no visible weapons in their possession, nor did the Rangers have reason to believe they did.

34. There were no other members of the public present as the men attempted to leave the scene.

35. At no point did Rangers Sones, Austin, McCall or Waring deem it necessary to draw their weapons or shoot the men in the Silverado.

36. The Rangers on the ground had three (3) patrol vehicles at their disposal to safely pursue the men. The Rangers had also contacted the Las Vegas Metropolitan Police Department for assistance in apprehending the men in the Silverado.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

37. Even though he was armed with his own handgun, Negrette retrieved Sones' rifle and indiscriminately fired several rounds of ammunition in the Silverado's direction from above it, despite the men's clear intention to get away from the Rangers.

38. The hail of gun fire immediately hit the Silverado and the men, who were shocked and confused by the use of deadly force against them.

39. After being shot by Negrette multiple times, the Silverado lost control and crashed into a deep ravine

40. Negrette shot Cardenas on the chest, Orrantia on the ankle, and Decedent Gregory Davis on the head, torso, left arm, and right leg.

41. Orrantia, in fear, shock, and agony, exited the vehicle and began running.

42. Cardenas, too, exited the vehicle and laid feet away from the crash in pain and agony. His injuries were so severe that he had to be rescued with a flight for life helicopter.

43. The Decedent, on the other hand, remained in the passenger seat of the Silverado, too injured to exit the vehicle or ask for help.

44. After the crash, the Decedent could be heard making noises from inside the vehicle, but none of the Rangers on the ground tried to get the Decedent out of the vehicle or check on him.

45. Mr. Davis suffered in pain and agony from his injuries.

46. By the time medical assistance arrived, the Decedent had passed away inside the car. His deceased body was left inside the vehicle overnight and was not retrieved until the following morning.

47. Negrette had no reason to believe the use of deadly force against the men was reasonable or necessary.

48. The above incidents were all captured by body-worn cameras by several Rangers.

49. In shooting at the men, Negrette violated Department of Interior policy.

50. The Decedent left three children behind after he was violently killed. Due to the premature death of their father, Plaintiffs CYRUS and NICHOLAS find themselves permanently deprived of the probable support, companionship, society, and comfort of their father and will be subjected to future grief and sorrow resulting in both mental and emotional damage.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

**FIRST CAUSE OF ACTION**

*Wrongful Death Statute Nevada Revised Statute 41.085*

*Plaintiffs Against Defendant*

*(Federal Tort Claims Act)*

51. Plaintiffs repeat, re-allege, and incorporate herein by reference paragraph 1 through 50, as though fully set forth herein.

52. The Decedent died as a direct and proximate result of the wrongful and negligent acts and/or wrongful and negligent omissions of Negrette and Sones as alleged herein in this entire Complaint.

53. Under Nevada Revised Statute 41.085, in conjunction with the Federal Tort Claims Act, the heirs and administrator of The Estate of Gregory Davis may maintain a claim for damages against the United States. The heirs and administrator may join their claims together.

54. At all times relevant herein, Negrette and Sones acted as law enforcement officers employed by the Bureau of Land Management, division of the United States Department of the Interior, while acting under the course and scope of their employment; and Defendant UNITED STATES is liable for authorizing and/or acquiescing in the actions of, and/or employing said officers.

55. This action is brought pursuant to the Federal Tort Claims Act, under which Defendant United States is liable for the action of Negrette and Sones.

56. As a direct, proximate, and foreseeable result of the wrongful and negligent acts and/or wrongful and negligent omissions of Sones and Negrette, as alleged herein, the Decedent's heirs, Plaintiffs CYRUS and NICHOLAS are entitled to pecuniary damages for their grief and sorrow, loss of probable support, companionship, society, comfort, consortium, damages for pain, suffering, disfigurement of their father, decedent Greg Eugine Davis, and all other damages pursuant to NRS 41.085 in an amount to be proven at trial.

57. Even under a constitutional analysis under the Fourth Amendment to the United States constitution, Negrette used excessive force under the facts alleged and the evidence to be adduced during discovery and at trial. Moreover, under a constitutional analysis, Sones violated Plaintiffs' constitutional rights in his capacity as a supervisor.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

58. As a direct, proximate, and foreseeable result of the wrongful and negligent acts and/or wrongful and negligent omissions of Negrette and Sones, as alleged herein, the Decedent's estate is entitled to funeral expenses and all other damages pursuant to NRS 41.085 in an amount to be proven at trial.

59. Plaintiffs were required to retain an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees and costs incurred herein.

**SECOND CAUSE OF ACTION**

*Assault*

*Plaintiffs against Defendant*

*(Federal Tort Claims Act)*

60. Plaintiffs repeat, re-allege, and incorporate herein by reference paragraph 1 through 59, as though fully set forth herein.

61. By unjustifiably shooting the Decedent as he attempted to get away from the Rangers on the ground, Negrette intentionally and knowingly acted to cause harmful or offensive contact with the Decedent.

62. Negrette intentionally and knowingly threatened the Decedent with imminent harmful and offensive contact, causing them to reasonably believe they would be harmed.

63. At all times relevant herein, Negrette acted as law enforcement officer employed by the Bureau of Land Management, division of the United States Department of the Interior, while acting under the course and scope of his employment; and Defendant UNITED STATES is liable for authorizing and/or acquiescing in the actions of, and/or employing said officer.

64. This action is brought pursuant to the Federal Tort Claims Act, under which Defendant United States is liable for the actions of Negrette.

65. Even under a constitutional analysis under the Fourth Amendment to the United States constitution, Negrette used excessive force under the facts alleged and the evidence to be adduced during discovery and at trial.

66. Negrette's actions and inactions legally and proximately caused the Decedent to suffer severe emotional distress, fatal bodily injuries, trauma, and pain and suffering.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

67. Negrette's actions and inactions legally and proximately caused CYRUS and NICHOLAS to suffer severe emotional distress, trauma, past, present and future pain and suffering, and other related damages, some or all of which may be permanent.

68. Plaintiffs were required to retain an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees and costs incurred herein.

**<u>THIRD CAUSE OF ACTION</u>**

*Battery*

*Plaintiffs against Defendant*

*(Federal Tort Claims Act)*

69. Plaintiffs repeat, re-allege, and incorporate herein by reference paragraph 1 through 68, as though fully set forth herein.

70. Through his use of unjustified deadly force against the Decedent as he attempted to get away from the Rangers on the ground, Negrette made intentional, unreasonable, harmful, and unconsented contact with the Decedent.

71. At all times relevant herein, Negrette acted as law enforcement officer employed by the Bureau of Land Management, division of the United States Department of the Interior, while acting under the course and scope of his employment; and Defendant UNITED STATES is liable for authorizing and/or acquiescing in the actions of, and/or employing said officers.

72. This action is brought pursuant to the Federal Tort Claims Act, under which Defendant United States is liable for the action of Negrette and Sones.

73. Even under a constitutional analysis under the Fourth Amendment to the United States constitution, Negrette used excessive force under the facts alleged and the evidence to be adduced during discovery and at trial.

74. Negrette's actions and inactions legally and proximately caused the Decedent to suffer severe emotional distress, fatal bodily injuries, trauma, and pain and suffering.

75. Negrette's actions and inactions legally and proximately caused CYRUS and NICHOLAS to suffer severe emotional distress, trauma, past, present and future pain and suffering, and other related damages, some or all of which may be permanent.

76. Plaintiffs were required to retain an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees and costs incurred herein.

**FOURTH CAUSE OF ACTION**

*Negligence*

*Plaintiffs Against Defendant*

*(Federal Tort Claims Act)*

77. Plaintiffs repeat, re-allege, and incorporate herein by reference paragraph 1 through 76, as though fully set forth herein.

78. Negrette and Sones had a duty to perform their job responsibilities as Ranger-in-training and Chief Ranger in a reasonable and prudent manner. As Rangers for the Bureau of Land Management, Sones and Negrette further owed the Decedent a duty of care to carry out their responsibilities with the same degree of care, skill, and diligence that ordinarily prudent persons and/or officers in like positions would use under similar circumstances.

79. Negrette and Sones also had a duty to exercise ordinary care by using their assigned weapons in a reasonably prudent and safe manner.

80. Negrette and Sones had a duty of care not to subject others to an unreasonable risk of harm.

81. Specifically, Sones had a duty not to subject the Decedent to an unreasonable risk of harm through the careless and reckless handling of his rifle by leaving the weapon unattended with Negrette.

82. Negrette had a duty not to subject the Decedent to an unreasonable risk of harm through his unjustified and unlawful use of deadly force.

83. Negrette and Sones breached these duties as they knew, or in the exercise of reasonable due care should have known, that failing to perform their duties in a reasonable and prudent manner would result in unreasonable harm to the individuals they were required to protect, including the Decedent.

84. Sones breached these duties when he left his rifle unattended with a trainee.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

85. Negrete breached these duties when he, without authorization to do so, used the rifle assigned to Sones in an unreasonable and imprudent manner and opened fire without a valid reason to do so.

86. At all times relevant herein, Negrette and Sones acted as law enforcement officers employed by the Bureau of Land Management, division of the United States Department of the Interior, while acting under the course and scope of their employment; and Defendant UNITED STATES is liable for authorizing and/or acquiescing in the actions of, and/or employing said officers.

87. Even under a constitutional analysis under the Fourth Amendment to the United States constitution, Negrette and Sones acted with deliberate indifference towards the rights of Plaintiffs.

88. This action is brought pursuant to the Federal Tort Claims Act, under which Defendant United States is liable for the action of Negrette and Sones.

89. Negrette and Sones' actions and inactions legally and proximately caused the Decedent to suffer severe emotional distress, fatal bodily injuries, trauma, and pain and suffering.

90. Negrette and Sones' actions and inactions legally and proximately caused CYRUS and NICHOLAS to suffer severe emotional distress, trauma, past, present and future pain and suffering, and other related damages, some or all of which may be permanent.

91. Plaintiffs were required to retain an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees and costs incurred herein.

## FIFTH CAUSE OF ACTION

*Negligent Training and Supervision*

*Plaintiffs Against Defendant*

*(Federal Tort Claims Act)*

92. Plaintiffs repeat, re-allege, and incorporate herein by reference paragraph 1 through 91, as though fully set forth herein.

93. BLM had a duty to hire, train, and supervise its Rangers so that they would properly and safely enforce Federal laws, conduct arrests, and conduct searches and seizures according to Federal law.

94. BLM breached its duties by failing to train and supervise Negrette in the proper

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

manner to conduct searches, seizures, and arrests, including the proper use of deadly force.

95. Additionally, BLM breached its duty to the Decedent by failing to properly train and supervise Sones on the adequate handling of his assigned rifle and the proper oversight and supervision of trainee Rangers.

96. At all times relevant herein, Negrette and Sones acted as law enforcement officers employed by the Bureau of Land Management, division of the United States Department of the Interior, while acting under the course and scope of their employment; and Defendant UNITED STATES is liable for authorizing and/or acquiescing in the actions of, and/or employing said officers.

97. This action is brought pursuant to the Federal Tort Claims Act, under which Defendant United States is liable for the action of Negrette and Sones.

98. BLM' actions and inactions legally and proximately caused the Decedent to suffer severe emotional distress, fatal bodily injuries, trauma, and pain and suffering.

99. BLM' actions and inactions legally and proximately caused Plaintiffs CYRUS, NICHOLAS, and GREG to suffer severe emotional distress, trauma, past, present and future pain and suffering, and other related damages, some or all of which may be permanent.

100. Plaintiffs were required to retain an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees and costs incurred herein.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgement for Plaintiffs, and against Defendant, as follows:

1. For compensatory and special damages in excess of $15,000;

3. For pre- and post- judgment interest at the applicable legal rate;

4. For costs and attorneys' fees incurred in prosecuting this action; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of November, 2024.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiffs Leia Martin,*
*Cyrus Davis and Nicholas Davis*

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiffs, by and through their undersigned attorneys, hereby demand a jury trial of all issues in the above-referenced matter.

DATED this 13th day of November, 2024.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiffs Leia Martin,*
*Cyrus Davis and Nicholas Davis*