TODD BLANCHE
Acting Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264

NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LEIA MARTIN as Administrator of The Estate of Gregory Davis; CYRUS DAVIS individually and as heir of Greg E. Davis; NICHOLAS DAVIS, individually and as heir of Greg E. Davis,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA *ex rel* UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT,<br><br>                    Defendant. | Case No. 2:24-cv-02116-APG-EJY<br><br>**Stipulation and (Proposed) Order to excuse the in-person attendance requirement of various parties for the upcoming settlement conference**<br><br>**ECF No. 56** |

Pursuant to this court's order setting settlement conference the parties submit the following stipulation related to certain parties' attendance for the settlement conference. Based on the points discussed below, the parties request that certain parties in person attendance requirements be excused from the settlement conference. ECF No. 56 at 1:19-22.

//

//

**For Plaintiffs**:[1]

It is requested that Eric Orrantia and Carlos Cardenas be excused from appearing for the settlement conference. This is due to their status of currently being in the custody of the Nevada Department of Corrections (NDOC). Plaintiffs' counsel has acquired prior written approval for settlement and thus their absence will not affect the settlement conference from progressing.

The parties request that Nicholas Davis be allowed to appear remotely via Zoom. The reason for this request is because he is an active-duty sailor stationed in San Diego and cannot get leave time to appear in person for this conference.

The parties request that Cyrus Davis be allowed to appear remotely via Zoom. He is 20 years old, lives in Georgia, and does not have the means to fly cross-country.

**For Defendant**:

Federal Defendants respectfully request that the Court authorize Assistant United States Attorney ("AUSA") Nathan M. Claus to participate in the settlement conference in person as a representative for the government, with additional representatives from the agency and agency counsel appearing by telephone. The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at the Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix. There is not an insurance carrier for this matter.

---

[1] Gregory Davis Jr. will be present in person with his counsel.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012). The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations. Recommendations (through the respective DOJ and client agency chains of command) regarding any settlement proposal in this case will originate with the undersigned AUSA and assigned agency counsel.

Based on the reasons and circumstances above, the Federal Defendants respectfully request exception from the Order's requirements of personal attendance by a representative with binding settlement authority up to the full amount of the claims.

//

//

//

//

//

//

//

//

In lieu of such requirements, the undersigned AUSA would personally attend the settlement conference, while an agency representative and counsel will be available.

Respectfully submitted this 23rd day of April 2026.

MAIER GUTIERREZ & ASSOCIATES

*/s/ John M. Quinn*
JOSPEH GUTIERREZ, ESQ
Dr. JOHN M. QUINN, ESQ.
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

*Attorneys for Plaintiff*

TODD BLANCHE
Acting Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney

*Attorneys for the United States*

**IT IS SO ORDERED:**

**Plaintiffs Eric Orrantia and Carlos Cardenas are excused from appearing for the settlement conference;**

**Plaintiffs Cyrus and Nicholas Davis are allowed to appear remotely for the conference. Counsel must bring a computer with the necessary programming to connect remotely with Cyrus and Nicholas Davis for the entirety of the settlement conference; and**

**Federal Defendant is exempt from the Order's requirements of personal attendance by a representative with binding settlement authority up to the full amount of the claims so long as the undersigned AUSA would personally attend the settlement conference, while an agency representative and counsel will be available.**

UNITED STATES MAGISTRATE JUDGE

DATED:    April 23, 2026

4