TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6552
Tamer.Botros@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LEIA MARTIN as Administrator of The Estate of Gregory Davis; CYRUS DAVIS individually and as heir of Greg E. Davis; NICHOLAS DAVIS, individually and as heir of Greg E. Davis,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

GREG DAVIS, JR., an individual and as heir of Greg Eugine Davis; ERIC ORRANTIA, an individual; and CARLOS CARDENAS, an individual, Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:24-cv-02116-APG-EJY

Consolidated with:
Case No. 2:24-cv-02226-APG-EJY

**Motion to Extend Discovery Deadlines and Reopen Rebuttal Expert Deadline**

**(Fifth Request)**

Defendant submits this motion to extend discovery 90 days and to reopen the rebuttal expert deadline. This extension is only related to discovery that is based on Defendant's need to rebut the Artificial Intelligence (AI) usage of Plaintiff's Expert that

only came up after the completion of Plaintiff's expert's second deposition on June 16, 2026. For the reasons outlined below, Defendant content that good cause exists to extend discovery by 90 days and to reopen the rebuttal expert deadline for this narrow purpose.

## I. INTRODUCTION

Defendant seeks to reopen the rebuttal expert deadline because it believes that there is a possibility that Plaintiff's expert, Tom Melton, is misrepresenting the amount of AI that he used in drafting his expert and rebuttal reports. Defendant is seeking a 90-day extension of discovery here to conduct limited discovery on this topic and to prepare a rebuttal expert report based on those findings.

## II. MEET AND CONFER REQUIREMENT

On August 5, 2026, Defendant's counsel reached out via email to Plaintiff's counsel. Defense counsel did not receive any response. *See* Exhibit A: Email Meet and Confer. On August 7, 2026, Defense counsel sent a follow up email. *Id*. Defense counsel did not receive any response. *Id*. On August 10, 2026, Defense counsel called and had to leave a message for Plaintiff's counsel. *Id*. As of this filing, no response has been received.

## III. CURRENT DISCOVERY STATUS

Discovery is set to close on this matter on August 10, 2026. ECF No. 70. The discovery and related matters completed to date are as follows**:**

a. The parties served their initial disclosures.

b. On March 25, 2025, Plaintiffs Leia Martin, Cyrus Davis, and Nicholas Davis served their first sets of interrogatories, requests for production and requests for admission to Defendant.

c. On April 4, 2025, Defendant United States served its first supplement to initial disclosures.

d. On April 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis served their first supplement to initial disclosures.

e. On May 1, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their first supplement to initial disclosures.

f. On May 16, 2025, Defendant United States served its second supplement to initial disclosures.

g. On May 16, 2025, Defendant United States served its responses to Plaintiffs Leia Martin, Cyrus Davis, and Nicholas Davis' first sets of interrogatories, requests for production and requests for admission.

h. On May 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis served their second supplement to initial disclosures.

i. On June 10, 2025, Defendant United States took the deposition of Yvonne Efverlund, the ex-wife of decedent Greg Davis.

j. On June 13, 2025, Defendant United States scheduled the deposition of Plaintiff Greg Davis, Jr. for August 14, 2025, and vacated it on August 11, 2025 due to his unavailability.

k. On June 26, 2025, Defendant United States took the deposition of Plaintiff Carlos Cardenas.

l. On June 30, 2026, Defendant United States took the deposition of Plaintiff Cyrus Davis.

m. On July 3, 2025, Defendant United States served its first sets of interrogatories and requests for production to Plaintiffs Leia Martin as Administrator of the Estate of Gregory Davis, Cyrus Davis and Nicholas Davis. Plaintiffs' responses are pending, and discovery is currently stayed as to these Plaintiffs per this Court's Order ECF No. 44.

n. On July 3, 2025, Defendant United States served its first sets of interrogatories and requests for production to Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas and requested signed HIPAAs for Plaintiffs Eric Orrantia and Carlos Cardenas.

o. On July 10, 2025, Defendant United States scheduled the deposition of Plaintiff Nicholas Davis for August 12, 2025, and vacated it on August 7, 2025, due to his unavailability.

p. On July 11, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their second supplement to initial disclosures.

q. On July 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis scheduled the deposition of Chief Ranger Sones for September 4, 2025, and vacated it on September 2, 2025.

r. On July 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis scheduled the deposition of Cody Negrette for September 10, 2025, and vacated it on September 2, 2025.

s. On July 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis scheduled the deposition of Ranger Todd Austin for September 17, 2025, and vacated it on September 2, 2025.

t. On July 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis scheduled the deposition of Ranger Miles McCall for September 22, 2025, and vacated it on September 2, 2025.

u. On July 22, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis scheduled the deposition of Ranger Kristin Waring for September 25, 2025, and vacated it on September 2, 2025.

v. On July 25, 2025, Plaintiffs Leia Martin, Cyrus Davis and Nicholas Davis served their third supplement to initial disclosures.

w. On August 8, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their responses to Defendant United States' first sets of interrogatories and requests for production. Plaintiffs provided a signed HIPAA for Plaintiff Carlos Cardenas. Defendant is awaiting to receive a signed HIPAA for Plaintiff Eric Orrantia.

x. On August 18, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their third supplement to initial disclosures.

y. On August 28, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas scheduled the deposition of Ranger Kristin Waring for September 25, 2025.

z. On August 28, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas scheduled the deposition of Cody Negrette for October 28, 2025.

aa. On August 28, 2025, Defendant United States scheduled the remote deposition of Plaintiff Eric Orrantia for October 8, 2025.

bb. On September 16, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their fourth supplement to initial disclosures.

cc. On September 23, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas scheduled the deposition of Chief Ranger Sones for November 13, 2025.

dd. On September 25, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas took the deposition of Ranger Kristin Waring.

ee. On October 1, 2025, Plaintiffs Greg Davis, Jr., Eric Orrantia, and Carlos Cardenas served their fifth supplement to initial disclosures.

ff. On February 12, 2026, Plaintiff took the deposition of Cody Negrette.

gg. On February 18, 2026, Plaintiff submitted Requests for Admission, Interrogatories, and Requests for Production to Defendant.

hh. On February 24, 2026, Plaintiff took the deposition of Bradley Sones.

ii. On March 9, 2026, Defendant took the deposition of Greg Davis, Jr.

jj. On March 19, 2026, Defendant took the deposition of Eric Orrantia.

kk. On March, 20, 2026, Defendant submitted responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production.

ll. On March 26, 2026, Defendant submitted their disclosure of expert witness.

mm. On March 26, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their sixth supplement to initial disclosures. This disclosure included their disclosure of expert witness.

nn. On April 24, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their seventh supplement to initial disclosures.

oo. On April 28, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their Eighth supplement to initial disclosures

pp. On May 4, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their Nineth supplement to initial disclosures.

qq. On May 16, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their Tenth supplement to initial disclosures.

rr. On July 3, 2026, Plaintiffs Greg Davis, Jr., Eric Orrantia, Nicholas Davis, and Carlos Cardenas served their Eleventh supplement to initial disclosures.

ss. Plaintiff's expert was deposed on June 9, 2026. However, after 3 hours of the deposition, due to scheduling complications, the deposition was completed July 16, 2026.

tt. Defendant's expert was deposed on June 17, 2026. However, after around 5 hours of the deposition, due to scheduling complications, the deposition had to be continued. As of this filing, Plaintiff's counsel has not provided a new deposition date.[1]

**2. Discovery that remains to be completed**

a. Rebuttal Expert Report to Plaintiff's Expert.

b. Discovery related to that Rebuttal Report.

## VI. LAW AND ARGUMENT

Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." *See also* Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, pursuant to Local Rule 26-3, any motion that requests an extension of any date set by a

[1] While this motion is seeking only an extension on discovery related to the rebuttal expert deadline, Defendant has no objection to Plaintiff completing this deposition.

scheduling order must be received by the court no later than 21-days before the expiration of the subject deadline. Any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

In his deposition, Tom Melton, took the position repeatedly in the deposition that he did not substantially use AI to draft or make his report for this case. Exhibit B: Melton Martin Deposition Transcript excerpts at 3-4. However, this position seems to be counter to the one that Melton was taking in *Villanueva v. LVMD et al*, 2:24-CV-00125-ART-DJA, where he provided deposition testimony that he used ChatGPT extensively to draft that expert report. Exhibit C: Melton Villanueva Deposition Transcript excerpts just months prior to this report being written. In *Villanueva,* there was a subsequent motion to compel that was filed,  briefed, and argued in front of Judge Albregts. See *Villanueva v. LVMD et al*, 2:24-CV-00125-ART-DJA at ECF Nos. 44 & 46. Judge Albregts issued an opinion requiring that Melton had to disclose his ChatGpt log to Plaintiff's counsel in January 2026. *Id*. at ECF No. 69.[2] Defendant believes that Mr. Melton maybe misleading about his use of AI in both his expert and rebuttal reports based on his experience on the above case. Defendant believes that there are questions about Mr. Melton's academic writing background that raise suspicions about him not using AI because he does not have any formal writing training that supports his ability to write these reports, especially given since he had not written any lengthy types of reports prior to becoming an expert. Exhibit B at 1-2.

Defendant is currently working to retain Dr. Robert Leonard, Forensic Expert Witness in Linguistics and Language, who will opine about the likelihood that AI was used

[2] There has been an objection filed as it related to this order and as of this date, there does not appear to be a final ruling from Judge Traum.

for Melton's reports and an estimate on how much of the report was AI created. The retention process is expected to be completed in the next 30 days. However, Defendant expects that there will be targeted discovery requests related to this AI topic which will be completed in 60 days. Then Defendant will seek to have Dr. Leonard provide a rebuttal report that is focused on that core issue on AI usage, not any other arguments raised by Melton for this case.

Defendant will seek to extend discovery for this narrow ground to address this possible AI usage.

This motion is made in good faith, without dilatory motive, not for the purposes of causing undue delay.

Excusable neglect for the request here because the depositions of Melton were not completed until July 16, 2026 and Defendant's counsel was not aware of this AI issue until then. Further, Defendant's counsel has worked quickly to find a relevant expert for this issue and has worked to retain him to allow this case to proceed quickly.

Good cause exists here because the extension of discovery is being sought is based on recent evidence development and is not tied to any other evidence in this case.

## VII. PROPOSED REVISED DISCOVERY SCHEDULE

A 90-day extension of the remaining deadlines in the case would result in the following revised discovery schedule:

| Scheduled Event | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Amend Pleadings/Add Parties | Closed | **Closed** |
| Initial Expert Disclosures | Closed | **Closed** |
| Rebuttal Expert Reports | Closed | **10/09/2026** |
| Discovery Cut Off | 08/10/2026 | **11/08/2026** |
| Dispositive Motions | 09/07/2026 | **12/08/2026** |
| Pre-Trial Order | 10/06/2026 | **01/07/2026** |

If dispositive motions are filed, the joint pre-trial order would be due 30 days after a decision on such motions. Disclosures under Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**VIII. CONCLUSION**

Based on the foregoing, Defendant requests that this Court find that excusable neglect and good cause exist to extend discovery for the limited reasons related to the rebuttal expert report in this matter.

Respectfully submitted this 10th day of August 2026.

TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney