JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No.: 9046
JOHN M. QUINN, ESQ.
Nevada Bar No.: 16609
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail: jag@mgalaw.com
jmq@mgalaw.com

*Attorneys for Plaintiffs Greg Davis, Jr., Nicholas Davis, Cyrus Davis, Eric Orrantia, and Carlos Cardenas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEIA MARTIN as Administrator of The Estate of Gregory Davis; CYRUS DAVIS individually and as heir of Greg E. Davis; NICHOLAS DAVIS, individually and as heir of Greg E. Davis,

Plaintiffs,

vs.

UNITED STATES OF AMERICA ex rel UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,

Defendants.

GREG DAVIS, JR., an individual and as heir of Greg Eugine Davis; ERIC ORRANTIA, an individual; and CARLOS CARDENAS, an individual,

Plaintiffs,

vs.

UNITED STATES OF AMERICA ex rel UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT; CODY NEGRETTE, individually and in his official capacity; and

Case No.: 2:24-cv-02116-APG-EJY

Consolidated with:
Case No.: 2:24-cv-02226-EJY-MAM

**PLAINTIFFS GREG DAVIS, JR., NICHOLAS DAVIS, CYRUS DAVIS, ERIC ORRANTIA, AND CARLOS CARDENAS'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINES AND REOPEN REBUTTAL EXPERT DEADLINE (ECF NO. 71) AND COUNTERMOTION FOR FEES AND COSTS**

BRAD SONES, individually and in his official capacity,

Defendants.

Plaintiffs GREG DAVIS, JR., NICHOLAS DAVIS, and CYRUS DAVIS, as heirs of Greg Eugene Davis, Sr., ERIC ORRANTIA, and CARLOS CARDENAS ("Plaintiffs"), by and through their attorneys of record, the law firm of MAIER GUTIERREZ & ASSOCIATES, hereby file their Opposition to Defendant's Motion to Extend Discovery Deadlines and Reopen Rebuttal Expert Deadline (ECF No.71), requesting that the Court deny the request for lack of good cause and the undue prejudice to Plaintiffs.

This Opposition is supported by the following memorandum of points and authorities, the papers and pleadings on file, and any oral argument entertained by the Court at the hearing on this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DECLARATION OF JOHN M. QUINN, ESQ. IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINES AND REOPEN THE REBUTTAL EXPERT DEADLINE**

I, John M. Quinn, declare as follows:

1. I am over the age of eighteen (18) years and competent to testify on the matters set forth herein. I am an attorney with the law firm of MAIER GUTIERREZ & ASSOCIATES, attorneys for Plaintiffs Greg Davis, Jr., Nicholas Davis, Cyrus Davis, Eric Orrantia, and Carlos Cardenas ("Plaintiffs"). In such capacity, I have personal knowledge regarding the facts set forth below.

2. I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion to Extend Discovery Deadlines and Reopen the Rebuttal Expert Deadline. ECF No. 71.

3. I also make this declaration in support of Plaintiffs' Countermotion for Attorney's Fees and Costs.

4. Through discovery requests and deposition testimony, Plaintiffs collected undisputed evidence to put liability for the subject incident on Defendant. This evidence includes body-worn camera footage, testimony from the employees who responded to the subject incident, expert disclosures, and the shooter admitting that there was no objectively reasonable argument for his own use of deadly force.

5. Defendant has responded by engaging in motion practice meant to obfuscate from the evidence showcasing their wrongdoing. Most of this practice has been to extend discovery deadlines, with little to no movement on Defendant's end occurring once they are granted.

6. Plaintiff finds that, as a result of these extensions, Defendant's repeated requests are causing undue delay on the resolution of the case, wasting both Plaintiffs' and the Court's time by extending deadlines with no good cause and no results.

7. Defendant's Motion was filed on August 10, 2026—the date discovery closed. ECF No. 71 at 2. Defendant seeks to reopen the already-expired rebuttal expert deadline and extend discovery by ninety (**<u>90!</u>**) more days, through November 8, 2026. *Id.* at 8.

8. Plaintiffs disclosed Tom Melton as an expert and served his report on March 26, 2026. The rebuttal expert deadline expired on May 1, 2026, over three months ago. Defendant did not serve

any rebuttal reports at all by that deadline and did not seek an extension of that deadline before or after it expired.

9. Defendant's Motion acknowledges that the requested extension is its fifth request. *Id.* at 1. That is already an excessive number of unnecessary delays.

10. Defendant deposed Mr. Melton in two sessions. The Motion states that the first session occurred on June 9, 2026, and that the deposition was completed on July 16, 2026. *Id.* at 6. That was nearly a month ago. Meaning a month went by before the instant unnecessary Motion was filed on the very last day of discovery.

11. On August 11, 2026, I spoke by telephone with Assistant United States Attorney Nathan M. Claus regarding the filed Motion. Mr. Claus stated, in substance, that it is his personal belief that Mr. Melton *may* have been less than forthright about any artificial intelligence ("AI") Mr. Melton may have used to draft his report in this matter.

12. Mr. Claus further stated that he personally does not care if Mr. Melton used AI in his report. However, he believes Mr. Melton is trying to "avoid" any issues with AI due to a previous issue in a completely unrelated case that has no bearing on the present matter.

13. The crux of Mr. Claus's baseless and illogical argument is that Mr. Melton was honest in his previous deposition but for no objective reason whatsoever, Mr. Claus believes Mr. Melton was dishonest in his deposition in this matter. Mr. Claus provides zero substance, zero empirical evidence, and absolutely no rational argument as to why he personally believes Mr. Melton was less than truthful. Moreover, Mr. Claus provides zero substance as to how any of his irrational arguments would lead to yet another extension of deadlines in the present matter.

14. In the other matter, Mr. Melton apparently stated he used AI to help him draft that report. In the present matter, Mr. Melton testified that he used Grammarly (a form of AI) to help with grammar but that he did not use AI to draft his report in this matter, stating "My reports are my reports at the end of the day."

15. Defendant had no objective or concrete evidence that Mr. Melton used generative AI to prepare either report in this case beyond Mr. Melton's disclosed use of Grammarly for grammar and sentence structure. Mr. Claus further stated that Defendant was considering retention of Dr.

Robert Leonard, a linguistics expert, to review Mr. Melton's reports and offer an opinion about whether AI was used and, if so, to what extent. Defendant's stated purpose for that proposed inquiry was to develop a basis to pursue Mr. Melton's disqualification based on an alleged inconsistency in testimony about AI use. This Motion is beyond **frivolous**.

16. During our conversation, Mr. Claus was asked to provide any form of concrete or objective evidence of any kind. He did not identify a prompt, chat log, draft, metadata record, document comparison, witness testimony, or any other objective evidence showing that Mr. Melton used generative AI in preparing either report in this action.

17. Mr. Claus likewise did not identify any proposition in Mr. Melton's report that is inaccurate because of AI use, any opinion that lacks a reliable basis because of AI use, or any substantive opinion that Defendant could not have addressed in a timely rebuttal report.

18. Defendant's Motion identifies no such evidence. Instead, it relies on Mr. Melton's testimony in a completely unrelated and irrelevant case wherein Mr. Melton honestly testified that he used AI. That honest testimony together with pure speculation based on the length and style of Mr. Melton's reports in this case are the entire basis for this **frivolous** Motion. ECF No. 71 at 7–8.

19. On our call, I advised Mr. Claus of all the various ways in which this Motion is baseless, frivolous, and vexatious. I urged him to withdraw the Motion or he will face every available remedy for sanctions of fees and costs to Defendant and to himself personally for the obviously vexatious tactics. He was undeterred.

20. Plaintiffs would be significantly prejudiced by reopening expert discovery based on speculation. The requested extension would force Plaintiffs to incur additional expense litigating a collateral and futile inquiry into the authorship style of reports that were already disclosed and examined at deposition, defending additional discovery requests, and potentially addressing a newly retained linguistics expert, all well after the rebuttal deadline and discovery cutoff expired. It is an unbelievably ridiculous request.

21. The entirety of Defendant's Motion is a couple of illogical sentences full of conjecture and fantasy. "Defendant **believes** that Mr. Melton **maybe** misleading about his use of AI in both his expert and rebuttal reports based on his experience on the above case." ECF No. 71 at 7 (emphasis

added). That is it. That is Defendant's argument. Mr. Claus personally believes, without any evidence whatsoever, that Mr. Melton used AI to draft his reports. Who cares? What is the point? He testified honestly that he used some form of AI to help with sentence structure. He also testified honestly in the previous case that he used AI.

22. Mr. Melton has never been stricken or limited by any court in any jurisdiction, he has served his community with distinction for decades, and now his honor and integrity are being called into question by a fourth-year attorney based on absolutely nothing? This Court should see this for what it is – ridiculous frivolity.

23. Plaintiffs' position is that the continued motion practice and endless requests to extend deadlines is vexatious and a waste of time for Plaintiffs and the Court and is causing an undue delay to the resolution of the current action, necessitating the filing of the instant counter-motion.

24. This declaration is made in good faith and not for purposes of delay. I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this 14th day of August, 2026.

*/s/ John M. Quinn*

JOHN M. QUINN, ESQ.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant asks the Court to reopen an expert disclosure deadline that expired more than three months ago and to extend discovery by ninety (90) days, by filing its **fifth** extension request on the very day discovery closed. It offers neither good cause nor excusable neglect. Defendant did not timely disclose any rebuttal expert or report, did not seek a timely extension of the rebuttal deadline, and identifies no evidence that any newly discovered fact prevented timely compliance.

The proposed extension is not directed at the merits of Mr. Melton's opinions. Defendant instead seeks time to retain a linguist to search Mr. Melton's reports for supposed signs of AI use, pursue discovery in the hope that the inquiry produces supporting evidence, and then seek to disqualify Mr. Melton for alleged dishonesty. ECF No. 71 at 7–8. Defendant admittedly possesses no prompt, chat history, draft, metadata, witness testimony, or any objective proof that Mr. Melton used generative AI in preparing either report in this case nor any proof at all that Mr. Melton was less than truthful at his deposition. Its request is therefore an invitation to reopen completed expert discovery so that it may conduct a collateral and useless fishing expedition to discover whether a basis exists for a future challenge.

That is not diligence, good cause, or excusable neglect. It is speculation coupled with a vexatious plan to create an issue after the pertinent deadlines have passed. The Motion should be denied, Defendants should be sanctioned, and Defendant's counsel should be personally sanctioned.

## II. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Local Rule 26-3, a motion to extend a deadline set by the discovery plan or scheduling order must demonstrate good cause. A motion filed fewer than 21 days before the deadline—or after the deadline has expired—also requires a showing that the failure to act resulted from excusable neglect. D. Nev. LR 26-3.

The Rule 16 good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving

party was not diligent, the inquiry ends. *Id.* A party must show that it could not reasonably meet the deadline despite diligence; carelessness is incompatible with good cause. *Id.*

For an untimely request, Defendant must additionally establish excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), identifies the relevant equitable considerations: prejudice to the opposing party, the length of delay and its effect on proceedings, the reason for delay and whether it was within the movant's reasonable control, and the movant's good faith. The reason for delay is especially important where the extension request follows expiration of a court-ordered deadline.

Finally, rebuttal expert evidence is limited to evidence "intended solely to contradict or rebut evidence on the same subject matter" identified by another party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). The rule is not a vehicle for a new, collateral expert investigation that does not contradict the disclosed opinions on their subject matter.

## III. ARGUMENT

### A. Defendant Cannot Establish Good Cause Because Its Request is Speculative and Untethered to Diligence or Reason

Defendant bore the burden to timely evaluate Mr. Melton's March 26, 2026 report and serve any proper rebuttal report by May 1, 2026. It did neither action, nor did it move before May 1 for relief based on a specific obstacle to preparing a rebuttal. Its Motion identifies no effort during the disclosure period to retain a rebuttal expert, request an extension, seek Mr. Melton's work materials, or otherwise develop a timely rebuttal to the actual opinions disclosed.

Instead, Defendant now argues that it "believes" there is a "possibility" Mr. Melton understated his use of AI. ECF No. 71 at 2, 7–8. Defense counsel's illogical beliefs and possibilities are not evidence, and they certainly do not qualify as good cause. Defendant identifies no document, witness, admission, technical artifact, or report-specific inconsistency demonstrating that Mr. Melton used generative AI in this case or that he was even remotely dishonest. Its stated vexatious plan confirms the defect: it seeks an extension to retain a linguist, conduct collateral discovery, and determine whether any support for its baseless suspicions can be found. *Id.* at 8. That is the definition of a fishing expedition.

Rule 16 does **not** permit a party to reopen discovery to investigate whether it might someday acquire an actual basis for a collateral expert challenge. Defendant must first demonstrate facts showing why the requested discovery is warranted and why, despite diligence, it could not have pursued the relevant issue within the existing schedule. It has done neither action. There is no prima facie factual showing that Mr. Melton used generative AI in preparing the reports in this case, much less that any such use affected any of his opinions, methodology, or disclosure obligation.

The Motion's asserted grounds are particularly flaccid because they concern a completely unrelated case. Mr. Melton's honest acknowledgment in another matter that he used ChatGPT does not establish anything. It does not establish that he used it here, much less that his testimony here was untruthful. The cited deposition excerpts show that the reports, questions, and circumstances differed. ECF No. 71, Exs. B–C. An expert's prior tool use in a separate matter cannot replace evidence about what occurred in this one.

Nor does report length or a witness's educational history supply the missing evidentiary foundation. Defendant's speculation that Mr. Melton could not have written reports of this length without AI is not an expert disclosure issue and does not demonstrate that Defendant acted diligently. It is precisely the sort of conjecture that cannot justify reopening deadlines and launching additional fishing expeditions after the fact.

Mr. Melton testified on June 9, 2026 that he used Grammarly to help with sentence structure. Why did Defendant wait until over two months later, on the final day of discovery, and months after the rebuttal deadline to file the instant Motion? Because it is frivolous. It has not explained its dilatory efforts, it has not demonstrated good cause, and it cannot even demonstrate a prima facie argument.

**B. DEFENDANT HAS NOT SHOWN EXCUSABLE NEGLECT**

Defendant filed its Motion on August 10, 2026, the date of discovery cutoff. ECF No. 71 at 2. Because the Motion was filed well after the 21-day period provided by Local Rule 26-3—and more than three months after the May 1 rebuttal deadline—Defendant **must** show excusable neglect in addition to good cause. It does not address the governing *Pioneer* factors in a meaningful way. In fact, Defendant openly lies to this Court. Defendant claims they did not know of this "AI issue" until July 16, 2026. *Id.* at 8. That is a lie. The first half of Mr. Melton's deposition occurred on June 9, 2026,

over a month earlier. On June 9, Mr. Melton testified honestly about using Grammarly and honestly answered all of the other AI questions posed to him while maintaining that his reports and opinions are his own. Defendant then goes on to mislead this Court by stating it has worked "quickly" to find a relevant expert for this issue. *Id*. Defendant was aware of the AI testimony over two months earlier and never made a peep about needing an extension or needing more time.

The length of the delay is substantial. Defendant seeks to reopen a rebuttal deadline that has been closed since May 1 and to push the discovery cutoff to November 8. The relief would necessarily disrupt the existing dispositive motion, pretrial, and trial schedule. Defendant itself labels the request as its fifth extension. ECF No. 71 at 1.

Moreover, the proffered reason for delay was within Defendant's control. Mr. Melton's report was disclosed on March 26. Defendant had the report, the opportunity to review it, and the opportunity to retain an expert or request timely relief before the rebuttal deadline expired. Even crediting Defendant's assertion that its concerns sharpened during Mr. Melton's deposition, the Motion does not explain why it waited over two months and until the discovery cutoff to seek relief or why the concern could not be raised through ordinary cross examination, a Daubert motion based on an actual evidentiary record, or a timely evidentiary motion.

Lastly, and more importantly, as stated above, the Motion lies to and deliberately misleads the Court. Defendant does not present any actual evidence or substance to even entertain an excusable neglect argument.

### C. A "LINGUISTICS EXPERT" SEARCHING FOR POTENTIAL AI USAGE IS NOT A PROPER REBUTTAL EXPERT UNDER FRCP 26

Defendant's proposed expert does not purport to rebut Mr. Melton's opinions concerning law enforcement practices, use of force, training, supervision, or causation. Defendant says Dr. Leonard would opine whether AI was used and estimate how much of the reports were AI generated. ECF No. 71 at 8. Defendant is actively telling this Court that they are vexatious and frivolous. That proposal concerns authorship, not the accuracy, reliability, methodology, or factual foundation of the opinions Mr. Melton disclosed. Moreover, it does not rebut any of Mr. Melton's opinions.

A rebuttal report must be directed solely at contradicting or rebutting evidence on the same subject matter as an opposing expert's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). A post-deadline linguistic analysis intended to discover a potential basis for impeaching or disqualifying an expert does not contradict the subject matter of Mr. Melton's disclosed use-of-force opinions. It is an attempted new line of expert discovery, not a rebuttal. It is in direction violation of the Rules of this jurisdiction.

Defendant may cross-examine Mr. Melton on the testimony he actually gave and may make an appropriate evidentiary challenge if it develops an actual factual record. However, it may not convert bare suspicion into a 90-day delay and reopening of discovery and a brand-new expert disclosure outside the Court's scheduling order

### D. THE REQUESTED EXTENSION WOULD MATERIALLY PREJUDICE PLAINTIFFS AND FURTHER DELAY RESOLUTION

The requested extension would impose the cost and burden of collateral expert discovery on Plaintiffs after Plaintiffs timely met all their expert disclosure obligations. Plaintiffs would be required to respond to new discovery, consider additional motion practice, potentially re-depose or prepare Mr. Melton on issues unrelated to his merits and opinions, and address a newly disclosed linguistics expert. The request would also postpone dispositive motion practice, pretrial preparation, and the trial schedule.

This prejudice is not offset by any concrete showing of need. Defendant has identified no evidence of AI use in this case, no substantive defect in Mr. Melton's opinions caused by alleged AI use, and no reason it could not have timely disclosed a true rebuttal expert. The Rules favor a just and efficient resolution on the merits, not an open-ended fishing expedition into a baseless theory Defendant concocted in the hopes to substantiate its own vexatious tactics.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendant's Motion to Extend Discovery Deadlines and Reopen Rebuttal Expert Deadline in its entirety.

DATED this 14th day of August, 2026.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

*/s/ John M. Quinn*

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No.: 9046
JOHN M. QUINN, ESQ.
Nevada Bar No.: 16609
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiffs Greg Davis, Jr., Carlos Cardenas, and Cyrus Davis*

**PLAINTIFFS' COUNTER-MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiffs GREG DAVIS, JR., NICHOLAS DAVIS, and CYRUS DAVIS, as heirs of Greg Eugene Davis, Sr., ERIC ORRANTIA, and CARLOS CARDENAS ("Plaintiffs"), by and through their attorneys of record, the law firm of MAIER GUTIERREZ & ASSOCIATES, hereby file their countermotion for attorney's fees and costs in relation to Defendant's vexatious litigation tactics and ongoing intentional delays of the progression of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

As spelled out in the undersigned's declaration above, it is Plaintiffs' position that Defendant and defense counsel are engaging in obvious vexatious litigation tactics intended to frustrate and delay. The Motion recently filed (ECF No. 71) is beyond frivolous. It contains zero substance, zero rational arguments, and zero actual evidence. It is a pure fishing expedition based on defense counsel's personal conjecture and nothing more. It is the exact kind of frivolity and vexatious tactics that the State Bar of Nevada is consistently warning its members to avoid.

**II. LEGAL STANDARD**

It is well established under Nevada law that this Court has "inherent equitable powers" to levy sanctions, when warranted. *See Young v. Johnny Ribeiro Building, Inc.*, 106 Nev. 88, 92, 787 P.2d 777 (1990). Likewise, per NRS 7.085, a liberal application of awarding costs and attorney's fees is what the Court should engage in:

> **Payment of additional costs, expenses and attorney's fees by attorney who files, maintains or defends certain civil actions or extends civil actions in certain circumstances.**
> 1. If a court finds that an attorney has:
> (a) Filed, maintained or defended a civil action or proceeding in any court in this State and such action or defense is not well-grounded in fact or is not warranted by existing law or by an argument for changing the existing law that is made in good faith; or
> (b) Unreasonably and vexatiously extended a civil action or proceeding before any court in this State,
> → the court shall require the attorney personally to pay the additional costs, expenses and attorney's fees reasonably incurred because of such conduct.
> 2. The court shall liberally construe the provisions of this section in favor of awarding costs, expenses and attorney's fees in all appropriate

> situations. It is the intent of the Legislature that the court award costs, expenses and attorney's fees pursuant to this section and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

## III. ARGUMENT

This is not a close call. Defendant provide zero substance or basis for their frivolous Motion. Even after a lengthy conversation between counsels, defense counsel could not care less about the potential of facing a motion for sanctions. Even after being asked for any objective evidence and providing none, Defendant and defense counsel nevertheless persisted with this nonsensical and vexatious Motion. This is precisely the type of conduct that the Bar and every Court in this state should seek to deter in a ardent manner.

NRS 7.085 says the Court should construe its provisions *liberally* in favor of awarding costs and attorney's fees. *Id.* It was the legislature's **intent** to award those sanctions pursuant to NRCP 11 to punish and deter frivolous or vexatious conduct that overburden limited judicial resources and/or increase costs. *Id*. That is precisely what Defendant and defense counsel have done here. Their Motion is procedurally improper and it is devoid of any logic or reason. They must be punished and deterred.

This type of vexatious conduct cannot be allowed, and sanctions are warranted according to case law and statute.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request an award of the reasonable attorney's fees and costs incurred in preparing the Opposition above and the instant Counter-Motion, the related reply, for appearing at any hearing the Court deems necessary, and to deter continued frivolous and vexatious conduct by this Defendant and their counsel.

DATED this 14th day of August, 2026.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

*/s/ John M. Quinn*

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No.: 9046
JOHN M. QUINN, ESQ.
Nevada Bar No.: 16609
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiffs Greg Davis, Jr., Carlos Cardenas, and Cyrus Davis*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 14th day of August, 2026, service of the foregoing **PLAINTIFFS GREG DAVIS, JR., NICHOLAS DAVIS, CYRUS DAVIS, ERIC ORRANTIA, AND CARLOS CARDENAS'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINES AND REOPEN REBUTTAL EXPERT DEADLINE (ECF NO. 71) AND COUNTERMOTION FOR FEES AND COSTS** as follows:

Todd Blanche
Deputy Attorney General of the United States
Sigal Chattah
First Assistant United States Attorney
Nathan M. Claus
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
nathan.claus@usdoj.gov
*Attorneys for the United States of America*

*/s/ Brandon Lopipero*
An Employee of MAIER GUTIERREZ & ASSOCIATES