**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Leia Martin, et al.,<br>Plaintiff(s),<br>v.<br>United States of America,<br>Defendant(s). | Case No. 2:24-cv-02116-APG-NJK<br>**Order**<br>[Docket Nos. 71, 76] |

Pending before the Court is Defendant's motion to reopen and extend case management deadlines. Docket No. 71. Plaintiffs filed a response in opposition, Docket No. 75, as well as a countermotion for sanctions, Docket No. 76. Defendant filed a reply and response to the countermotion. Docket No. 78.[1] The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** both motions.

## I. Background

This is a Federal Tort Claims Act case involving allegations of an unlawful shooting by a Bureau of Land Management ranger. *See* Docket No. 1. The parties held a Rule 26(f) conference on February 10, 2025, Docket No. 18 at 2, at which time there was no impediment to proceeding with discovery, *see* Fed. R. Civ. P. 26(d)(1). After several extensions, the rebuttal expert disclosure deadline expired on May 1, 2026, *see* Docket No. 61 at 6-7, and the discovery cutoff expired on August 10, 2026, *see* Docket No. 70 (granting Docket No. 68).

On March 26, 2026, Plaintiffs disclosed Tom Melton as an expert and served his report. *See* Docket No. 75 at 3. On June 9, 2026, Melton testified at his deposition that he used an artificial intelligence aid to assist him with grammar and sentence structure in his written report. *See* Docket No. 75 at 9; *see also* Docket No. 71-3 (deposition transcript omitting cover page with date and omitting certification from court reporter). Defense counsel knew as of at least that date (June 9,

[1] This case was assigned to the undersigned on August 28, 2026. Docket No. 80.

2026) that there may be an issue with the use of artificial intelligence.[2] Indeed, counsel began researching the issue and looking for an expert at that time. Docket No. 78 at 5. Apparently due to some sort of scheduling issue, Melton's deposition was continued and eventually completed on July 16, 2026. Docket No. 71 at 6.

On the discovery cutoff, Defendant filed the instant motion seeking to reopen the rebuttal expert disclosure deadline and to extend the discovery cutoff (and subsequent case management deadlines) by 90 days. Docket No. 71. Defendant explains that, based on the record in a different case involving Melton, counsel "believes that there is a possibility" that Melton has misrepresented the extent of his use of artificial intelligence. *See id.* at 2; *see also id.* at 7 (explaining that counsel has "suspicions" that "Melton maybe [sic] misleading about his use of AI").

## II. Standards

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The diligence obligation is ongoing and the movant must have been diligent throughout the entire period already provided. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). Courts may find a lack of good cause when, *inter alia*, the movant did not promptly seek judicial relief from the subject deadline. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021). The party seeking modification of the scheduling order bears the burden of establishing diligence. *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.[3]

---

[2] The papers at times reference counsel's knowledge as of June 3, 2026. *See, e.g.*, Docket No. 78 at 5 ("Defendant was not aware that Melton would disagree with his prior mythology [sic] until June 3, 2026. . . . [C]ounsel for defendant spent June 3, 2026 through August 3, 2026 researching and trying to locate an expert who could opine about the issues presented here"). Whether the pertinent date is June 3 or June 9, the outcome of this motion practice is the same.

[3] Seeking to revive already expired deadlines requires an additional showing of excusable neglect. *See* Local Rule 26-3; *see also Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). When there is no threshold showing of diligence for good cause, however, such request is properly denied without the need to separately address excusable neglect. *See, e.g.*, *Borenstein v. Animal Found.*, 2024 WL 5683549, at *4 n.9 (D. Nev. Feb. 14, 2024).

## III. Analysis

In this case with an already-extended discovery period, the record reflects that defense counsel was on notice of Melton's testimony on his use of artificial intelligence since at least June 9, 2026. Although counsel represents that he began immediately researching the issue and trying to locate an expert, he did not file the instant motion until the last day of the discovery period more than two months later. The Court agrees with Plaintiffs, *see, e.g.*, Docket No. 75 at 9, 10, that the failure to seek relief for two months shows that Defendant was not diligent, *cf. Jones v. Reg'l Cntr.*, 2018 WL 1538911, at *6 (D. Nev. Mar. 29, 2018).

Moreover, Defendant's attempts to avoid that outcome are not availing. Defendant argues that "this issue was not conductively [sic] established until the deposition of Melton was completed on July 16, 2026." Docket No. 78 at 4; *see also id.* at 5 (arguing that it was at the second deposition when counsel had "confirmation" as to Melton's position on using artificial intelligence). Defendant cites no legal authority and provides no meaningfully developed argument that a party can sit on its hands in seeking relief from an approaching case management deadline simply because a portion of a deposition is rescheduled. Again, counsel represents that he had spent the preceding weeks looking into the issue and trying to find an expert, so any need to seek relief from the case management schedule was known weeks before the second part of the deposition. Defendant fails to explain why counsel could not have conferred and sought relief from case management deadlines during the intervening period.[4] Second, Defendant points to the delay by Plaintiff's counsel in responding to the request to confer on the extension request, but that circumstance accounts for only five days of the months' long delay. *See* Docket No. 78 at 5 (referencing delay in responding to conferral email from August 5, 2026).

Having not found the diligence required to support modification of the case management schedule, the Court will deny Defendant's motion for that relief.[5]

---

[4] Defendant also cites no legal authority that a party must already find and retain a particular person to act as its expert before it can seek relief from the expert disclosure deadlines.

[5] The lack of diligence is dispositive of this motion. The Court notes that there is also some force to Plaintiff's additional argument that <u>speculation</u> as to the use of artificial intelligence seems a weak basis for an eleventh-hour request to extend case management deadlines yet again.

## IV. Countermotion for Sanctions

It is an important requirement that any request for relief be supported by points and authorities, Local Rule 7-2(a) & (d), as well as meaningfully developed argument, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). These requirements are all the more important in the context of a request for sanctions, as the Court hews closely to the standards and requirements applicable to the cited authority. *See, e.g.*, *Borenstein v. Animal Found.*, 2024 WL 6069434, at *1-2 (D. Nev. Feb. 14, 2024). The Court does so in accordance with Ninth Circuit law. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a court imposing sanctions "must clearly delineate under which authority it acts to insure that the attendant requirements are met"); *Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on") (internal quotation marks omitted). "The pertinent question is not whether some sort of wrongdoing has occurred; the inquiry is whether the movant has met the standards that govern its specific request for sanctions." *Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 WL 2735534, at *1 (D. Nev. Sept. 24, 2025).

In this case, Plaintiffs seek the imposition of sanctions through a two-page countermotion that relies entirely on state law. Docket No. 75 at 13-14. "[I]t is almost apodictic that federal sanction law is the body of law to be considered in that regard." *Allstate Fire & Cas. Ins. Co. v. Diamond*, 2015 WL 2090483, at *1 (D. Nev. May 4, 2015) (quoting *Galam v. Carmel (In re Larry's Apt., L.L.C.),* 249 F.3d 832, 838 (9th Cir. 2001)). As the legal authority cited by Plaintiffs cannot support the imposition of sanctions in this case, the countermotion fails.

## V. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant's motion to reopen and extend case management deadlines and **DENIES** Plaintiff's countermotion for sanctions.

IT IS SO ORDERED.

Dated: September 1, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge